IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Lucas Noahvon Young, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 50416 |
| v. | ) | |
| | ) | Hon. Philip G. Reinhard |
| People of the State of Illinois, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff has paid the initial $25 toward his filing fee, as ordered; therefore, plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. Plaintiff is ordered to pay at least $10.00 by the 15th day of each month until the $350 filing fee is paid in full. Having previously received leave to file an amended complaint, plaintiff's amended complaint [10] may proceed. Defendant Cody Chinery is dismissed. The court directs the Clerk of Court to (1) file plaintiff's amended complaint [10]; (2) issue summons for service of the amended complaint on defendants Randels, Conley, and Coomer by the U.S. Marshal; and (3) send plaintiff three blank USM-285 (Marshals service) forms, filing instructions, and a copy of this order. Plaintiff must complete and return a USM-285 form for service on defendants Randels, Conley, and Coomer. Failure to return the USM-285 forms by December 13, 2019, may result in dismissal of the unserved defendants. Plaintiff also must promptly submit a change-of-address notification if he moves from his current address. Plaintiff is advised that if he fails to keep the court informed of his proper address, this action will be subject to dismissal for failure to comply with a court order and for failure to prosecute. The court appoints the U.S. Marshal to serve defendants Randels, Conley, and Coomer. The Clerk of Court is directed to change the caption of the case to: Lucas Noahvon Young v. County of Winnebago, Illinois, et al.

## STATEMENT

Plaintiff Lucas Noahvon Young, brings this *pro se* civil rights action under 42 U.S.C. § 1983 concerning allegations of a false arrest and excessive force stemming from a traffic stop on June 20, 2018. Before the court are plaintiff's application for leave to proceed *in forma pauperis* and complaint for initial review.

Plaintiff has demonstrated that he cannot prepay the filing fee, and thus, his application for leave to proceed *in forma pauperis* is granted. Plaintiff is ordered to pay at least $10.00 by the 15th day of each month until the $350 filing fee is paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604,

attn: Cashier's Desk, 20th Floor, and should clearly identify plaintiff's name and the case number assigned to this case.

The court next considers plaintiff's complaint. Under 28 U.S.C. § 1915A, the court is required to screen complaints proceeding *in forma pauperis* and dismiss the complaint, or any claims therein, if the court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Courts screen these complaints in the same manner they review motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011).

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). The statement also must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," which means that the pleaded facts must show there is "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When screening a *pro se* plaintiff's complaint, courts construe the plaintiff's allegations liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). Courts also "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiff['s] favor." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016).

Plaintiff alleges in his amended complaint that he was stopped while driving his vehicle by defendant police officer Randels. [10], pg. 4. Defendant officer Randels made a false police report and illegally placed him under arrest. *Id*. Defendant officer Randels also "grabbed and bent backwards" plaintiff's arm causing bodily harm. *Id*. On that same day, defendant officers Randels, Conley, and Coomer illegally searched and seized plaintiff's vehicle. *Id*. Plaintiff further alleges he appeared in state court on July 9, 2018, for trial based on his June 20, 2018, arrest. At trial, the state court judge granted plaintiff's motion for a directed finding and, therefore, plaintiff's criminal case was dismissed. *Id*. at pg. 5.

Giving plaintiff's allegations the liberal construction it must at this juncture, the court finds that further investigation is warranted into the defendant officers' stop of plaintiff's vehicle, plaintiff's subsequent arrest and the search and seizure of his vehicle, as well as the allegations of excessive force by the defendant officers. "Allegations are not frivolous unless they are 'clearly baseless,' 'fanciful,' 'fantastic,' 'delusional,' 'irrational,' or 'wholly incredible.'" *Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016) (citing *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). Plaintiff's allegations are not frivolous, nor at this stage are they malicious or fail to state a claim. The court cannot resolve the issues presented by plaintiff's allegations on the present record. Defendants must respond to the complaint.

However, the court dismisses Cody Chinery as a defendant. Defendant Chinery is named as a defendant in his capacity as an assistant state's attorney for Winnebago County, Illinois. The allegations against defendant Chinery, while difficult to understand, appear to focus on his role as

prosecutor in plaintiff's criminal trial. It is well-settled that "[p]rosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Based on the allegations in the complaint, defendant Chinery's conduct was purely prosecutorial in nature, and not in any regard investigatory. Therefore, the court dismisses defendant Chinery from plaintiff's complaint with prejudice.

The court directs the Clerk of Court to (1) file plaintiff's amended complaint [10]; (2) issue summons for service of the amended complaint on defendants Randels, Conley, and Coomer by the U.S. Marshal; and (3) send plaintiff three blank USM-285 (Marshals service) forms, filing instructions, and a copy of this order. The court advises plaintiff that a completed USM-285 form is required for service on each defendant. The Marshal will not attempt to serve defendants unless and until the required forms are received. Plaintiff must therefore complete and return a service form for each defendant, and failure to do so may result in dismissal of the unserved defendant.

The court appoints the U.S. Marshals Service to serve the individual defendants. The court directs the Marshal to make all reasonable efforts to serve defendants. With respect to any former employee of a policy agency who can no longer be found at the work address provided by plaintiff, officials must furnish the marshal with the defendant's last-known address. The Marshal will use the information only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the Marshal's service. Address information will not be maintained in the court file nor disclosed by the Marshal, except as necessary to serve defendant. The court authorizes the Marshal to send a request for waiver of service consistent with Federal Rule of Civil Procedure 4(d) before attempting personal service.

Date: 11/15/2019 ENTER:

*Philip G. Reinhard*
United States District Court Judge

Docketing to Mail Notices. (LC)